[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT (NO. 163)
Defendant moves for summary judgment contending plaintiff's state tort action is pre-empted by federal labor law.
The following facts are alleged in the plaintiff's one-count complaint. Plaintiff seeks damages from his former employer, the Pratt and Whitney Aircraft Group of United Technologies. The plaintiff alleges that he was employed by the defendant at its North Haven plant in various capacities from 1973 until he was terminated on November 19, 1981. The plaintiff alleges that thereafter the defendant "intentionally and fraudulently promised to rehire and reinstate the plaintiff, upon which representations the plaintiff reasonably relied, inducing him not to avail himself of appropriate legal remedial measures." The plaintiff alleges that the "intentional and fraudulent misrepresentations" continued through January 20, 1987.
The defendant's summary judgment memorandum and supporting documents set forth the following uncontested facts. At all times that More worked for the defendant the terms and conditions of his employment were governed by a collective bargaining agreement [the contract] negotiated for the employees by Local Lodge 707 of the International Association of Machinists and Aerospace Workers, AFL-CIO [the union]. The contract allowed the defendant to terminate employees for "just cause." On November 13, 1981, the defendant received a complaint from an employee, Roger Munck, that the plaintiff hit Munck in the jaw, causing a contusion. The defendant investigated the charge and determined that the plaintiff physically attacked Munck. The defendant informed the plaintiff that he was fired, but allowed the plaintiff to resign instead. The plaintiff resigned on November 19, 1981.
Pursuant to the contract, the plaintiff and the union filed a grievance arguing that the plaintiff's termination violated the contract. The grievance was heard pursuant to the procedure set forth in the contract and was denied. The plaintiff appealed, which resulted in the following settlement agreement: "Employee will be given consideration for re-employment at a facility other than North Haven contingent upon available openings." The defendant and the union on behalf of the plaintiff accepted the settlement, which became final and binding after five days.
From March 1982 to February 1987, the plaintiff periodically contacted the defendant about being rehired. The parties dispute the contents of these discussions. On February 9, 1987, the plaintiff threatened to sue the defendant if he was not rehired immediately. The defendant refused and the plaintiff commenced this suit in state court on December 30, 1987. CT Page 1269
The plaintiff's original complaint contained seven counts, sounding in breach of contract and wrongful discharge. Pursuant to 28 U.S.C. § 1441 (1982), the defendant removed the action to U.S. District Court in Connecticut. On December 30, 1988, that court, Daly, J., granted the defendant's motion for summary judgment as to six of the seven counts of the plaintiff's complaint. The court denied summary judgment on the plaintiff's claim of negligent and fraudulent misrepresentation, finding that sufficient factual issues remained disputed. The court then ruled that this state law claim should be remanded to state court.
On June 7, 1989, the plaintiff filed a revised one-count complaint in state court sounding in fraudulent misrepresentation. The defendant answered on September 18, 1989, and asserted five special defenses: state law statute of limitations, laches, res judicata, failure to sufficiently allege a cause of action, and federal law statute of limitations. The plaintiff denied the special defenses on September 25, 1989. On September 26, 1989, the defendant filed an amended answer and asserted the same five special defenses, which the plaintiff again denied.
On November 13, 1990, the defendant moved for summary judgment on the one-count complaint. Along with the supporting memorandum of law, the defendant filed four affidavits of persons employed as personnel managers from the time the plaintiff resigned and certified portions of the deposition of the plaintiff. The plaintiff, filed no opposition to the motion. At short calendar on January 7, 1991, this court granted the plaintiff's attorney's motion to withdraw as counsel. The instant matter was continued to a subsequent date for hearing and plaintiff did not appear.
The defendant argues in support of summary judgment that the plaintiff's claim, while phrased in fraudulent misrepresentation language, involves the settlement agreement reached by the parties during the grievance procedure mandated by the contract, and that therefore, as a dispute under a labor contract, federal law pre-empts the plaintiff's state law claim. The defendant argues that the facts in dispute, the discussions held after the settlement agreement, are not material because the plaintiff's state law claim is pre-empted regardless of its merits. The defendant argues that the plaintiff has not alleged a violation of federal law, and at any rate is barred by the statute of limitations from suing under federal law. Additionally the defendant argues that the plaintiff has not submitted evidence to support a state law fraudulent misrepresentation claim.
Section 301 of the Labor Management Relations Act, codified at 29 U.S.C. § 185 (1982), provides: CT Page 1270
 "Suits for violation of contracts between an employer and a labor organization representing employees . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."
The U.S. Supreme Court has held that federal law pre-empts state law in 301 suits. Textile Workers v. Lincoln Mills,353 U.S. 448, 456 (1957). Suits brought in state court
 alleging a violation of a provision of a labor contract must be brought under 301 and be resolved by reference to federal law. . . . If the policies that animate 301 are to be given their proper range, however, the pre-emptive effect of 301 must extend beyond suits alleging contract violations. . . . Thus, questions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by reference to uniform federal law, whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort."
Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 210 (1985). Therefore, "if the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law . . . is pre-empted and federal labor-law principles-necessarily uniform throughout the nation — must be employed to resolve the dispute." Lingle v. Norge Division of Magic Chef, Inc., 486 U.S. 399, 405-06 (1988).
The plaintiff alleges in his complaint that "immediately following the termination of plaintiff on or about November 19, 1981, the defendant, acting through its agents, servants and employees, intentionally and fraudulently promised to rehire and reinstate the plaintiff, inducing him not to avail himself of appropriate legal remedial measures." On November 30, 1981, the plaintiff commenced his grievance claim, which was settled sometime in December. The defendant has submitted affidavits of personnel managers working at that time and thereafter that all discussions concerning the possibility of rehiring the plaintiff occurred pursuant to and because of the settlement agreement, which was reached under the collective bargaining contract. Determining whether the discussions constituted fraudulent CT Page 1271 misrepresentation would require the court to analyze the grievance settlement. Federal labor law pre-empts the plaintiff's state-law claim because "the resolution of [the] state-law claim depends on the meaning of [the] collective-bargaining agreement." Id.
Plaintiff has not argued that he is entitled to recover under 301 and in any event, he is barred by the six month statute of limitations applicable to 301 actions. DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 154-155
(1983).
Accordingly, the Motion for Summary Judgment is granted.
STUART M. SCHIMELMAN, JUDGE